IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Hudgens, | ) |
| | ) |
| | ) C/A No. 6:14-cv-2011-JFA-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| S.C. Dept. of Employment and Workforce, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff is a resident of Greenville, South Carolina. In the above-captioned case, Plaintiff brings suit against the South Carolina Department of Employment and Workforce. According to Plaintiff, Defendant "in times past" has given him the "wrong claims" to file for weekly benefits, which resulted in an alleged overpayment of unemployment benefits to Plaintiff (doc. 1 at 3). Plaintiff states that he has been informed that Defendant intends to garnish his wages or "taxes" (tax refunds) to recover the overpayment (doc. 1 at 4). In his prayer for relief, Plaintiff seeks a "stay" on the garnishment of his wages or tax refunds (doc. 1 at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554

(D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The South Carolina Department of Workforce and Employment is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department, by a citizen of South Carolina or a citizen of another state. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978). The *Ex Parte Young* exception to the Eleventh Amendment is not applicable in the above-captioned case. *See Virginia Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1639 (2011). Also, Plaintiff has available state remedies under S.C. Code Ann. § 1-23-80 (Westlaw 2014) to challenge an administrative determination by Defendant. *See Stubbs v. South Carolina Dep't of Emp't and Workforce*, 755 S.E.2d 114, 116 (S.C. Ct. App. 2014).

Based upon the foregoing, It is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

May 23, 2014                                                  s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

2

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).