IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hudgens,<br><br>              Plaintiff,<br><br>v.<br><br>South Carolina Department<br>of Employment and Workforce,<br><br>              Defendant. | C/A No. 6:14-cv-02001-JFA<br><br><br>**ORDER** |

      Michael Hudgens ("Plaintiff"), who is proceeding *pro se*, has filed suit against the South Carolina Department of Employment and Workforce ("Defendant"). According to the complaint, Defendant "in times past" has given Plaintiff the "wrong claims" to file for weekly benefits, which resulted in an alleged overpayment of unemployment benefits to Plaintiff. ECF No. 1 at 3. Plaintiff states that he has been informed that Defendant intends to garnish his wages or tax refunds to recover the overpayment. In his prayer for relief, Plaintiff seeks a stay on the garnishment of his wages or tax refunds.

      The Magistrate Judge assigned to this action[1] prepared a Report and Recommendation ("Report"), ECF No. 8, in which he opines that this court should summarily dismiss the case without prejudice and without service of process. The Report sets forth the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

recitation. The Magistrate Judge suggests that Defendant is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department, by a citizen of South Carolina or a citizen of another state. Further, the Magistrate Judge points out that Plaintiff has available state remedies to challenge an administrative determination by Defendant.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 23, 2014. Plaintiff filed a timely objection, briefly restating the claims he made in the complaint. ECF No. 11. If a party fails to properly object because the objections lack the requisite specificity, the court need not conduct a *de novo* review. *See Brooks v. James*, No. 2:10–2010–MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

Having reviewed the record and the Report, this court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Thus, the court adopts the Report and summarily dismisses the case without prejudice and without service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 6, 2014                       Joseph F. Anderson, Jr.
Columbia, South Carolina        United States District Judge